IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUSSELL BROWN,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )        Case No. 06-cv-0267-MJR
                                        )
PANASONIC CORPORATION,                  )
TOSHIBA CORPORATION,                    )
MILLER ELECTRIC MFG. CO.,               )
and ILLINOIS TOOLS WORKS, INC.,         )
                                        )
                    Defendants.         )

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

> Now before the Court is a fully-briefed remand motion.  This personal injury suit commenced with Russell Brown's February 2006 complaint filed in the Circuit Court of Madison County, Illinois.  Brown, an Illinois citizen, sued four companies who manufacture welding machines, equipment and supplies.[1]  He alleged that all four Defendants knew or should have known of serious health hazards inherent in the products they were selling, distributing or using.

> More specifically, Brown asserted that Defendants deliberately concealed information about the adverse health effects of welding fumes containing manganese --

---

[1]     The state court complaint named two additional "respondents in discovery" as defendants.  Throughout this Order, however, the Court uses the term "Defendants" or "all four Defendants" to refer to Panasonic, Toshiba, Miller Electric, and Illinois Tool Works.

neurotoxic fumes to which Brown was directly and indirectly exposed while working in Illinois.

Count I of Brown's complaint alleges negligence against all four Defendants. For example, Brown claims that, in making representations to workers like Brown, Defendants breached their duty to exercise reasonable care, because they knew welding fumes would cause neurological damage to workers.

Count II alleges strict liability (failure to warn) against all four Defendants. For instance, Brown claims that Defendants failed to provide any warnings or instructions regarding use of the welding machines without a source-capture ventilation system.

Count III alleges strict liability (defective design) against all four Defendants. For instance, Brown claims that the welding machines were in a defective condition when they left Defendants' control, because they lacked fume-extraction devices.

On March 30, 2006, Defendant Illinois Tool Works, Inc. ("ITW"), who had been served with process on March 1st, removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. To properly invoke the federal courts' diversity jurisdiction, the party seeking the federal forum must establish both complete diversity and that the matter in controversy exceeds $75,000, exclusive of interest and costs. *Id.*; *Smith v. General Life and Acc. Ins. Co., Inc.,* 337 F.3d 888, 892-93 (7th Cir. 2003).

The amount in controversy presents no obstacle here. Brown has alleged

severe and permanent injuries, and he seeks damages for pain and suffering (past and future), medical expenses (past and future), lost wages (past and future), and loss of earning capacity.  Setting aside the question of whether ITW complied with all procedural requirements of removal,[2] the problem here is the apparent absence of complete diversity among the parties.

Plaintiff Brown is an Illinois citizen.  Defendant Panasonic is a citizen of Delaware (place of incorporation) and New Jersey (principal place of business). Defendant Toshiba is a citizen of California (place of incorporation) and New York (principal place of business).  Defendant Miller Electric is a citizen of Wisconsin (place of incorporation *and* principal place of business).  So far so good.  But Defendant ITW is a citizen of both Delaware (place of incorporation) and Illinois (principal place of business).

ITW urges the Court to overlook its Illinois citizenship on the theory that Brown fraudulently joined ITW in this action.  The parties largely agree on the test governing fraudulent joinder in this Circuit.

---

[2] For instance, it is not clear whether all served Defendants timely consented to removal.  Miller Electric consented one week after the case was removed (Doc. 3). Toshiba consented more than five weeks after the case was removed (Doc. 19).  Panasonic has yet to file a consent to removal, but Panasonic may not have been served as of the date of removal.    In any event, if all served Defendants did not consent to removal, this defect is waivable, and Brown did not object to removal on this basis.  *See Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453- 455-56 (7th Cir. 2005), *citing McMahon v. Bunn-O-Matic Corp.,* 150 F.3d 651, 653 (7th Cir. 1998), and *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-30 (7th Cir. 2004).

Although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant *solely* to defeat federal diversity jurisdiction.

> Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no "reasonable possibility that a state court would rule against the [in-state] defendant."

*Schwartz v. State Farm Mutual Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999), *quoting Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).[3]

The question before this Court, then, is whether there is a reasonable possibility that an Illinois court would rule *against* ITW. The Court has carefully reviewed the memoranda and exhibits presented on both sides of this question, including the arguments for and against piercing the corporate veil.

Brown maintains that he can state a cause of action against ITW based on the relationship between ITW and Defendant Miller Electric -- *i.e.,* Miller Electric is a wholly owned subsidiary of ITW. Brown contends that ITW has disregarded its corporate structure, permitting an Illinois court to pierce ITW's corporate veil, and allowing liability to run from the subsidiary entity (Miller Electric) to the parent company (ITW). Thus, Brown reasons, there <u>is</u> a reasonable possibility that an Illinois court would rule against ITW in this lawsuit.

But Delaware law, not Illinois law, controls the issue of whether ITW (the

---

[3] An alternative test for fraudulent joinder looks for outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). No such outright fraud is evident in the case sub judice.

parent corporation) can be held responsible for the liabilities of Miller Electric (the subsidiary). *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 933 (7th Cir. 1996)("Efforts to 'pierce the corporate veil' are governed by the law of the state of incorporation...."); *Erie Foods International v. Apollo Group & Apollo USA, Inc.* – F.Supp.3d –, 2006 WL 932344, *2 (N.D. Ill. April 10, 2006)("The law of the state of incorporation governs whether to pierce the corporate veil."). *See also* Fed. R. Civ. P. 17(b)("The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized.").

ITW is incorporated in Delaware. Under Delaware law, the corporate veil can be pierced (and a parent corporation held liable for the acts of its subsidiary), if the subsidiary is, in fact, a mere instrumentality or alter ego of its parent. *Phoenix Canada Oil Co., Ltd. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3rd Cir. 1988). While many factors are considered in deciding whether to pierce the corporate veil, "the concept of complete domination by the parent is decisive." *Id.* at 1477.

Moreover, if the corporate veil is to be pierced under the alter ego theory, the corporate structure must cause "fraud or a similar injustice." *In re Foxmeyer Corp.*, 290 B.R. 229, 236 (Bkrtcy. D. Del. 2003)(*citing Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999)(Piercing the corporate veil "requires that the corporate structure cause fraud or similar injustice"); *Outokumpu Engineering Enterprises, Inc. v. Kvaerner Enviropower, Inc.*, 685 A.2d 724, 729 (Del. Sup. Ct. 1996)). *See also Mobil Oil* Corp. v. Linear Films, Inc., 718 F. Supp. 260, 267-68 (D. Del. 1989).

-5-

Stated simply, the record before this Court does not support the piercing of ITW's corporate veil.  There is no evidence of ITW completely dominating Miller Electric, and there is no evidence that ITW's corporate structure caused fraud or similar injustice.  Therefore, the Court concludes that there is no reasonable possibility that an Illinois court would rule against ITW.

The Court **FINDS** that ITW was fraudulently joined and **DISMISSES** ITW from this action with prejudice.  That leaves parties who are completely diverse.  The Court already determined that the amount in controversy suffices.  Thus, subject matter jurisdiction lies under 28 U.S.C. § 1332.

Accordingly, the Court **DENIES** Brown's remand motion (Doc. 5).

IT IS SO ORDERED.

DATED this 18th day of May, 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge